```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**ANDREW GREENE,**

                Petitioner,

           v.                      CASE NO. 11-3108-SAC

**STATE OF KANSAS,**

                Respondent.

### O R D E R

Upon screening this petition for writ of habeas corpus filed by a state prisoner, the court gave Mr. Greene time to satisfy the statutory prerequisites for proceeding in forma pauperis and to show cause why this action should not be dismissed for failure to exhaust all available state court remedies prior to filing an action in federal court. The time in which petitioner was required to comply with the court's Order has expired and nothing has been filed by Mr. Greene to show cause why this action should not be dismissed due to his failure to exhaust.

"Rule 41(b) authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute as well as for failure to comply with the Federal Rules of Civil Procedure or 'a court order'." Young v. U.S., 316 Fed.Appx. 764, 771 (10th Cir. Mar. 12, 2009)(citing Fed.R.Civ.P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions sua sponte when one of these conditions is met." Id. (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003)).

"In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action without prejudice under Rule 41(b). Id. at *6 (citations omitted). The court concludes that this action must be dismissed on account of petitioner's failure to comply with the court's Order entered on June 14, 2011, requiring him to show cause why this action should not be dismissed for failure to exhaust. Mr. Greene is again cautioned that he should immediately proceed in a proper manner in state court.

Mr. Greene has submitted financial information in support of his motion to proceed in forma pauperis, although it is for two rather than the six months required by federal statute. This motion is granted based upon the information currently before the court.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 3) is granted and this action is dismissed and all relief is denied, without prejudice, for failure to show exhaustion of state court remedies.

**IT IS FURTHER ORDERED** that petitioner's additional motions for appointment of counsel in this court (Docs. 6,7,8) are denied as moot.[1]

**IT IS SO ORDERED.**

Dated this 7th day of July, 2011, at Topeka, Kansas.

---

[1] In order to seek appointment of counsel to perfect an appeal in state court, Mr. Greene must file a motion in the state appellate court.

s/Sam A. Crow
U. S. Senior District Judge